## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUNGE, S.A., § | |
|    *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 1:22-cv-00026-RGA |
| § | |
| ADM INTERNATIONAL SÀRL, § | |
|    *Defendant*, § | |
| § | |
| AMERICAN PETROLEUM TANKERS X § | |
| LLC; ARCHER-DANIELS-MIDLAND § | |
| COMPANY; ASHLAND SPECIALTY § | |
| INGREDIENTS G.P.; CROWLEY § | |
| GLOBAL SHIP MANAGEMENT, INC.; § | |
| MOSAIC FERTILIZER, LLC § | |
| § | |
|    *Garnishees.* § | |

### DEFENDANT'S MOTION FOR EXTENSION OF TIME
### TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant ADM International Sàrl ("Defendant" or "ADMI"), by and through undersigned counsel and pursuant to the restricted appearance provisions of Rule E(8) of the Supplemental Admiralty Rules, hereby files this motion for extension of time for responding to Plaintiff Bunge, S.A.'s ("Plaintiff") First Amended Verified Complaint (the "First Amended Complaint"). [D.I. 30.] Defendant respectfully shows the Court as follows:

### PROCEDURAL HISTORY AND BACKGROUND

1. On January 6, 2022, Plaintiff filed a Verified Complaint with Request for Issue of Process of Maritime Attachment and Garnishment (the "Complaint"). [D.I. 1.] Plaintiff

1

contemporaneously filed an *ex parte* Motion and Memorandum for Order for Issuance of Process of Maritime Attachment and Garnishment (the "Motion for Attachment") [D.I. 3], a Motion and Memorandum for Appointment for Service of Writ of Maritime Attachment and Garnishment (the "Service Motion") [D.I. 4], and Applications for Writ of Maritime Attachment and Garnishment for each Garnishee [D.I. 5-14.]  The Motion for Attachment and Service Motion were granted on January 7, 2022 [D.I. 17-18] and Writs for Maritime Attachment and Garnishment were issued that day.

2. Garnishees were served with their respective Writ for Maritime Attachment and Garnishment and accompanying Interrogatories (collectively the "Writs of Attachment and Interrogatories") on January 13, 2022.  [D.I. 20.]

3. On January 26, 2022, Defendant filed a dispositive motion seeking to vacate the order granting maritime attachment, vacate the Writs of Attachment, and for dismissal of the Verified Complaint (the "Motion to Vacate").  [D.I. 21.]  On that same day, Defendant requested that the Court set a prompt hearing on its Motion to Vacate pursuant to Admiralty Rule E(4)(f) (the "Request for Rule E Hearing").  [D.I. 22.]

4. On February 3, 2022, Plaintiff, without leave of court, filed its First Amended Complaint.  [D.I. 30.]

5. On February 4, 2022, Plaintiff filed a Notice of Dismissal relating to several Garnishees that it omitted from its First Amended Complaint.  [D.I. 31.]

6. To address the new allegations in the First Amended Complaint, Defendant filed a Supplement to its Motion to Vacate on February 4, 2022.  [D.I. 32.]

7. Later on February 4, 2022, Plaintiff filed a Response Opposing the Motion to Vacate.  [D.I. 33.]

8.  On February 8, 2022, Defendant filed a Reply in Support of its Motion to Vacate. [D.I. 34.] On February 10, 2022, Plaintiff served a Supplement in Opposition to the Motion to Vacate. [D.I. 36.]

9.  On February 10, 2022, the Court held a hearing on Defendant's Motion to Vacate and Request for Rule E Hearing. The Court issued an oral order finding, in part, that:

> The motion to vacate the order (D.I. [21]) is GRANTED in part and DISMISSED as not ripe in part and moot in part. Specifically, the order as to Mosaic is VACATED. The order as to the garnishees who have been voluntarily withdrawn is moot. The order as to the other garnishees is not ripe.

[D.I. 35.]

10. At the hearing the Court instructed that:

> So, while my instinct is that this case ought to be just dismissed, I think the better thing to do, since I don't actually have to do that today, is I will just enter the limited Order vacating the garnishment as to Mosaic. I would ask the parties to meet and confer and report with some kind of joint status report in ten days how they want to proceed. If they want to proceed by filing motions and filing more briefing, they can agree to that.

[Exhibit 1, Transcript of February 10, 2022 Hearing on Motion to Vacate at 50:3-10]. The joint status report is due on February 22, 2022.

11. On February 14, 2022, Plaintiff filed a Notice of Appeal as to the Court's order vacating the Supplemental Rule B garnishment writ issued to garnishee Mosaic Fertilizer, LLC. [D.I. 37.]

**ARGUMENT**

12. A court may, for good cause, extend the time to file a responsive pleading if a request is made before the original time to respond expires. FED. R. CIV. P. 6(b)(1).

13. Defendant's response to the First Amended Complaint is currently due on February 17, 2022. Defendant, therefore, makes this request before the original time to respond has expired.

14. Defendant seeks a brief extension until March 18, 2022 to file a responsive pleading to the First Amended Complaint.

15. Good cause exists for Defendant's request. The requested extension will provide the parties with time to complete their conferral and file a status report with the Court on February 22, 2022. The requested extension will also allow for thorough briefing on Defendant's Motion to Dismiss, which Defendant anticipates filing if the parties are unable to reach a resolution to this matter during conferrals.

16. The brief extension would not cause substantial delay of the proceedings or prejudice the Plaintiff.

17. Counsel for Defendant conferred with Plaintiff's counsel on February 14-15, 2022 and provided a draft stipulation regarding the requested extension. The parties, however, have been unable to reach an agreement as to the requested relief.

18. This Motion is made prior to the expiration of the deadline at issue and undersigned counsel certifies that Defendant requests this extension and that counsel has sent a copy of the request to the Defendant in compliance with L.R. 16.4.

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and extend its deadline to file a response to Plaintiff's First Amended Complaint [D.I. 30] until March 18, 2022.

DATED and FILED on February 15, 2022.

                                            Respectfully submitted,

                                            **RAWLE & HENDERSON LLP**

By:    /s/ *Joelle Florax, Esq.*
           Joelle Florax, Esquire (DE I.D. No. 3555)
           300 Delaware Avenue, Suite 1120
           Wilmington, DE 19899-0508
           Phone 302-778-1200

Of Counsel:

John J. Reilly
*Admitted Pro Hac Vice*
New York Bar No: 1412915
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Tel:  212-872-9865
Fax:  212-872-9815
Email:  john.reilly@squirepb.com

Emily Huggins Jones
*Admitted Pro Hac Vice*
Ohio Bar No:  0078412
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel:  216-479-8500
Fax:  216-479-2773
Email:  emily.hugginsjones@squirepb.com

Amanda D. Price
*Admitted Pro Hac Vice*
Texas Bar No. 24060935
Squire Patton Boggs (US) LLP
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Tel: 713-546-5850
Fax: 713-546-5830
Email:  Amanda.Price@squirepb.com

                                            *Counsel for Defendant*
                                            *ADM International Sàrl*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify, pursuant to D. Del. LR 7.1.1, that counsel for Defendant conferred with counsel for Plaintiff on February 14-15, 2022 regarding the relief requested in its Motion for Extension of Time and the parties have been unable to reach an agreement as to the requested relief.

/s/ *Joelle Florax, Esq.*
Joelle Florax, Esquire

**CERTIFICATION PURSUANT TO LOCAL RULE 16.4**

Pursuant to D. Del. LR 16.4, I hereby certify, that my client, Defendant ADM International Sàrl, requests the relief stated herein and has been sent a copy of the request.

/s/ *Joelle Florax, Esq.*
Joelle Florax, Esquire