**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BUNGE, S.A.,<br>　　　*Plaintiff*, | § § § | |
| v. | § § § | Civil Action No. 1:22-cv-00026-RGA |
| ADM INTERNATIONAL SÀRL,<br>　　　*Defendant*, | § § § | |
| AMERICAN PETROLEUM TANKERS X LLC;   ARCHER-DANIELS-MIDLAND COMPANY;   ASHLAND   SPECIALTY INGREDIENTS   G.P.;   CROWLEY GLOBAL   SHIP   MANAGEMENT,   INC.; MOSAIC FERTILIZER, LLC<br>　　　*Garnishees.* | § § § § § § § § | |

---

**DEFENDANT ADM INTERNATIONAL SÀRL'S RESPONSE IN OPPOSITION TO BUNGE, S.A.'S MOTION AND MEMORANDUM FOR STAY PENDING INTERLOCUTORY APPEAL**

---

　　　　　　　　　　　　　**RAWLE & HENDERSON LLP**

By:　/s/ *Joelle Florax, Esq.*
　　　Joelle Florax, Esquire (DE I.D. No. 3555)
　　　300 Delaware Avenue, Suite 1120
　　　Wilmington, DE 19899-0508
　　　Phone 302-778-1200
　　　*Counsel for Defendant ADM International Sàrl*

Dated:  April 1, 2022

Table of Contents

I.      INTRODUCTION/SUMMARY OF THE ARGUMENT ....................................................... 1

II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND................................. 2

III.    ARGUMENT ............................................................................................................................. 4

    A.   The Equities Weigh Against a Stay ............................................................................ 4

        1.   Bunge Is Not Likely to Succeed In Its Interlocutory Appeal........................ 4

        2.   A Stay Would Cause a Lengthy and Unnecessary Delay ............................. 5

        3.   Plaintiff's Alleged Hardship Argument Is Moot. .......................................... 6

        4.   ADMI Would Be Injured By A Stay. ............................................................. 6

        5.   Judicial Economy Would Be Served By Denying the Stay........................... 7

    B.   The Cases Cited By Plaintiff Do Not Support a Stay and/or Are Distinguishable............ 8

IV.    CONCLUSION ...................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
 634 F. Supp. 2d 1081 (E.D. Cal. 2008)................................................................................9, 10

*Consumer Fin. Prot. Bureau v. Navient Corp.*,
 522 F. Supp. 3d 107 (M.D. Pa. 2021)................................................................................9, 10

*St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*,
 No. 04-1436-JJF-LPS, 2010 U.S. Dist. LEXIS 40628
 (D. Del. March 29, 2010)............................................................................................4, 5, 8, 9

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*,
 No. 04-1436-JJF-LPS, 2010 U.S. Dist. LEXIS 74051 (D. Del. July 20, 2010) ........................4

**Other Authorities**

FED. R. APP. P. 3(b)(2) ......................................................................................................................8

ii

## RESPONSE IN OPPOSITION OF MOTION FOR STAY

Defendant ADM International Sàrl ("Defendant" or "ADMI"), by and through undersigned counsel and pursuant to the restricted appearance provisions of Rule E(8) of the Supplemental Admiralty Rules, hereby files this response in opposition to Bunge, S.A. ("Plaintiff" or "Bunge")'s motion for stay pending interlocutory appeal and respectfully shows the court the following:

## I.   INTRODUCTION/SUMMARY OF THE ARGUMENT

Plaintiff prematurely brought claims that are unripe, which under well-established precedent cannot support a Rule B attachment.  [*See* D.I. 21, 49.]  Its claims should be dismissed now, without further delay and prejudice to ADMI, as the Court has already indicated that it is inclined to do.  [Exhibit 1, February 10, 2022 Hearing Transcript at 50:3-4.]  This would allow for a consolidated appeal in the Third Circuit to address any and all issues relating to dismissal in a single opinion.  And, would prevent a second appeal, many months from now, which Plaintiff has already indicated it will file if the case is dismissed.  [Exhibit 1, February 10, 2022 Hearing Transcript at 31:23-34:25.]

Moreover, Plaintiff's two-page Motion for Stay fails to establish that a stay is appropriate in this case.  The only issue that Plaintiff clearly raises[1] is its alleged hardship relating to unnecessary duplication of arguments before this Court and the Court of Appeals.  This issue is moot.  By the time Plaintiff's Motion for Stay is ripe for consideration, all briefing regarding ADMI's Motion to Dismiss will have already been completed and costs will have already been incurred.  This Court is already familiar with the facts and legal issues raised in the Motion to Dismiss.  It would be more efficient for this Court, the Third Circuit Court of Appeals, and the

---

[1] Plaintiff provides nothing other than conclusory statements regarding the other factors to be considered by the Court when determining whether a stay is justified, and such statements should be disregarded.

parties, for this Court to rule on those issues now and allow for a consolidated appeal.  For these reasons and as further explained below, Plaintiff's Motion for Stay should be denied.

## II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On January 6, 2022, Plaintiff filed a Verified Complaint with Request for Issue of Process of Maritime Attachment and Garnishment (the "Complaint") [D.I. 1.] and sought the issuance of writs of maritime attachment and garnishment to the Garnishees [D.I. 3-14.]  The Court granted the Motion for Order for Issuance of Process of Maritime Attachment and Garnishment (the "Attachment Order") [D.I. 17] and writs were issued on January 7, 2022.  Garnishees were served with the writs on January 13, 2022.  [D.I. 20.]  Defendant was never served.

ADMI moved to vacate the Attachment Order, vacate the January 7, 2022 writs, and requested that the Complaint be dismissed.  [D.I. 21 (the "Motion to Vacate").]  On February 3, 2022, Plaintiff filed its First Amended Complaint ("FAC").  [D.I. 30.]  On February 4, 2022, ADMI filed a supplement to its Motion to Vacate to address and seek dismissal of the FAC.  [D.I. 32.]

The Court held a hearing on February 10, 2022.  At the hearing, the Court found that "all the claims that Bunge is making are contingent" and indicated that the Court's "instinct is that this case ought to be just dismissed." [Exhibit 1, February 10, 2022 Hearing Transcript at 49:4-5; 50:3-4.]  Instead of dismissing the case at that time, the Court entered a limited order vacating the garnishment as to Mosaic [D.I. 35] and asked the parties to meet and confer and file a joint status report in ten days and invited additional briefing.  [Exhibit 1, February 10, 2022 Hearing Transcript at 50:5-12.]

On February 14, 2022, Plaintiff appealed that order vacating the Mosaic writ.  [D.I. 37.]

On February 15, 2022, ADMI filed a motion for a brief extension of time to file its Motion to Dismiss Plaintiff's FAC [D.I. 38], which was granted by the Court [D.I. 44].

On February 21, 2022, the parties filed a joint status report requesting a contemporaneous briefing schedule for ADMI to file a Motion to Dismiss and for Bunge to file a Motion to Stay. [D.I 41.][2]

On March 18, 2022 ADMI filed its Motion to Dismiss [D.I. 49] and Bunge subsequently filed its Motion to Stay [D.I. 50].  Pursuant to the Court's March 21, 2022 docket entries, the responses to ADMI's Motion to Dismiss and Plaintiff's Motion to Stay are due on April 1, 2022.

At the February 10 hearing, Bunge represented to the Court that it would not require any additional responses to the writs.  [Exhibit 1, February 10, 2022 Hearing Transcript at 50:20-22.] However, it apparently did not share this sentiment with the garnishees, as Ashland Specialty Ingredients G.P. ("Ashland") filed a notice of appearance and notice of service of objections and responses to Plaintiff's interrogatories on March 4, 2022.  [D.I. 46, 48.]

Plaintiff further indicated at the February 10 hearing that regardless of whether the Court vacated all of the writs, it believed the case should remain alive.  *See* Exhibit 1 at 31:23-34:25. Plaintiff further indicated that it would appeal any dismissal to the Third Circuit.  *Id.* at 33:3-6.

The Appeal from the Order Vacating the Mosaic writ, D.I. 35, is at its initial stages.  On March 29, 2022, the Third Circuit, pursuant to Local Appellate Rule 33.0, assigned the interlocutory appeal for mediation on June 14, 2022.  There is currently no briefing schedule and one is not likely to be set until after the June 14, 2022 mediation.[3]

---

[2] The Court did not enter the briefing schedule requested by the parties in the Joint Status Report.

[3] Pursuant to the Third Circuit Local Appellate Rule 33.0, the briefing schedule will be deferred during the pendency of the mediation unless the court or Chief Circuit Mediator determines otherwise.

## III.    ARGUMENT

As set forth in *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.* – the only case cited in Plaintiff's Motion for Stay from this district [D.I. 50 at 2] – "[t]he court's power to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket."  No. 04-1436-JJF-LPS, 2010 U.S. Dist. LEXIS 40628, at *15 (D. Del. Mar. 29, 2010).[4] "Deciding whether to stay a case is purely a matter of discretion."  *Id*.

> In determining how to exercise its discretion with respect to a motion to stay, a court considers such factors as:  (1) the length of the stay requested, (2) the "hardship or inequity" that the movant would face in going forward with the litigation, (3) the injury that a stay would inflict upon the non-movant, and (4) whether a stay will simplify issues and promote judicial economy.

*Id*. at *15-16.  "Generally, if there is a chance that a stay would damage the non-moving party, the party requesting a stay must make out a clear case of hardship or inequity in being required to go forward with the litigation."  *Id*. at *16.

### A.    The Equities Weigh Against a Stay

Here, Plaintiff chose to bring a premature claim and chose to pursue an interlocutory appeal.  Plaintiff's bare bones brief fails to establish that it is entitled to a stay of its own claims.  As shown below, the balancing of equities strongly weighs against a stay of this action.

### 1.    Bunge Is Not Likely to Succeed In Its Interlocutory Appeal

As set out in ADMI's Motion to Vacate [D.I. 21] and Motion to Dismiss [D.I. 49]:

- The Third Circuit and district courts within the Third Circuit routinely grant 12(b)(1) dismissals for lack of ripeness, where the claim is dependent on the outcome of other underlying disputes, including contingent indemnity claims.  [D.I. 49 at 8-9]; and,

---

[4] Magistrate Judge Stark's Report and Recommendation was adopted by the district court, after an objection was made, and the Motion to Stay was denied.  *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co*., No. 04-1436-JJF-LPS, 2010 U.S. Dist. LEXIS 74051 (D. Del. July 20, 2010).

- In the maritime context, and specifically the Rule B context, United States courts applying English law generally hold that a plaintiff's unripe indemnity claim does not qualify as a valid *prima facie* admiralty claim against the defendant.  [D.I. 21 at 7-12; D.I. 49 at 9-11.]

As the Court noted at the February 10 Hearing on the Motion to Vacate, "Bunge . . . cites no cases holding to the contrary." [Exhibit 1 at 48:8-9.][5]  Based on the overwhelming case law contrary to Bunge's position, it is unlikely that Bunge will be successful on appeal.

### 2.      A Stay Would Cause a Lengthy and Unnecessary Delay

ADMI is entitled a timely resolution of this lawsuit over which this Court does not have jurisdiction.  Plaintiff's Motion for Stay is silent on the length of the stay requested, other than asking for a stay "until the Court of Appeals decides the present interlocutory appeal." [D.I. 50 at 2.]  Pursuant to the Administrative Office of the U.S. Courts, the median time of appeals to the Third Circuit from filing of the Notice of Appeal to disposition is 8.7 months for the 12-month period ending Dec. 31, 2021.  [Exhibit 2 at 11.][6]  The interlocutory appeal has been assigned to mediation on June 14, 2022, which is four months after the Notice of Appeal was filed.  Only after that mediation will a briefing schedule be issued.  Thus, a stay pending the resolution will result in a lengthy and unnecessary delay.

This Court, after reviewing the briefing and conducting a hearing on ADMI's Motion to Vacate, is already familiar with the facts of this case and the legal issues involved in ADMI's Motion to Dismiss.  It would be most efficient for this Court to rule on the Motion to Dismiss now.  If the Third Circuit affirms this Court's ruling, a stay will have accomplished nothing but a lengthy delay.  *See St. Clair,* 2010 U.S. Dist. LEXIS 40628, at *16-17 (case cited by Plaintiff; denying

---

[5] Bunge's response to the Motion to Dismiss is due contemporaneously with this Response.  ADMI, however, remains unaware of any contradictory case law finding that a contingent claim qualifies as a valid *prima facie* admiralty claim.

[6] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile0930.2021.pdf.

stay in part because if the affirmed "a stay will have accomplished nothing but delay – delay of at least six months, and perhaps significantly longer.")  On the other hand, if the Court denies the Motion to Dismiss, Plaintiff has provided no reason whatsoever to stay the case.

### 3. Plaintiff's Alleged Hardship Argument Is Moot.

Bunge's argument that it will suffer hardship or inequity due to the "unnecessary duplication of arguments before this Court and the Court of Appeals" is moot.  Bunge agreed to and has followed a contemporaneous briefing schedule for ADMI's Motion to Dismiss and its Motion for Stay.  [*See* D.I. 41.]  Both motions were filed on March 18, 2022 and responses to both motions are due on April 1, 2022.  Therefore, the "duplicative" briefing will have already been completed before the Court rules on the Motion for Stay, mooting this point.

The fact of the matter is that Bunge brought a premature claim, chose to pursue a baseless interlocutory appeal, and its sole motivation appears to be delay.  It is not a hardship or inequitable to make Bunge defend its improper claims.

### 4. ADMI Would Be Injured By A Stay.

ADMI will be prejudiced if this Court does not rule on its Motion to Dismiss as ADMI will continue to suffer the consequences of Plaintiff's improper premature claim.

Plaintiff never served ADMI.  Instead, Plaintiff went on a fishing expedition seeking ex parte writs of attachment against ten garnishees which were issued on January 7, 2022.  [D.I. 1, 3-14.]  Garnishees were served with the writs on January 13, 2022.  [D.I. 20.]  Upon learning of this action, ADMI promptly moved to vacate the Attachment Order, vacate the January 7, 2022 writs, and requested that the Complaint be dismissed.  [D.I. 21.]  One of ADMI's arguments in the Motion to Vacate was that Plaintiff failed to sufficiently allege that identifiable property of the Defendant was in the hands of the Garnishees.  [*Id.* at 13-16.]  Apparently agreeing that it had no

basis for its attempted garnishment, Plaintiff filed a FAC removing all references to half of the Garnishees.  [D.I. 30.]  Plaintiff subsequently dismissed those five Garnishees.  [D.I. 31.]  It is unclear whether the dismissed Garnishees have provided information pursuant to the writs, whether Notice of Dismissal was served on the dismissed Garnishees; or whether the dismissed Garnishees will continue to provide information or withhold monies based on the writs.

After the Court ruled that the Motion to Vacate as to Mosaic was granted at the February 10 hearing, Bunge represented to the Court that it would not require any additional responses to the writs – "And so with the Court's ruling, we're not going to require any response to the further writ served or anything like that."  [Exhibit 1, February 10, 2022 Hearing Transcript at 50:20-22.]  However, Bunge, upon information and belief, did not inform the remaining Garnishees of the Court's order or that they would not be required to respond to writs at this time.  Plaintiff has received further responses from at least one of the Garnishees – Ashland, which filed a notice of appearance and notice of service of objections and responses to Plaintiff's interrogatories on March 4, 2022.  [D.I. 46, 48.]  It is not clear to ADMI at this time whether Ashland or the other Garnishees are withholding any monies owed to ADMI based on the writs issued in this matter.  Therefore, without a ruling on ADMI's Motion to Dismiss, there is a chance that ADMI will suffer injury from Plaintiff's continued abuse of the Rule B process and its inappropriate fishing expedition.

### 5.   Judicial Economy Would Be Served By Denying the Stay

While in its Motion for Stay, Plaintiff implies that the interlocutory appeal will decide whether "the entire case either proceeds, or is dismissed," that is not what Plaintiff previously represented to the Court.  At the February 10 Hearing, Plaintiff told the Court that regardless of whether the Court vacated all of the writs, it believed the case should remain alive:

> THE COURT: All right. So, different question. Let's assume that I vacate the Rule B attachments and garnishment, really. Does it follow then that I just dismiss the case in its entirety?

> MR. SIMMS: No. The case is open.
>
> . . .
>
> The case will stay alive, and it needs to stay alive and here's why.
> Rule B requires two prongs to be met. One is that there's no
> resident agent in the district for service of process.
>
> . . .
>
> What needs to be preserved is Bunge's right under the Federal
> Arbitration Act to get security for this arbitration. …

[Exhibit 1, February 10, 2022 Hearing Transcript at 31:23-34:22.]  While, as explained in ADMI's

Motion to Dismiss, ADMI believes these assertions have no legal basis, Plaintiff has indicated that

it will advocate these positions and "if there's a motion to dismiss and it's granted, then we do take

it up to the Third Circuit."  [*Id.* at 33:4-6.]

Judicial economy would be served by this Court ruling on ADMI's Motion to Dismiss now.

If the motion to dismiss is granted, Plaintiff can file its appeal from the dismissal and have that

appeal consolidated with its interlocutory appeal.  The Civil Appeal Information Statement for the

Third Circuit requires the appealing party to identify "any case now pending or about to be brought

before this Court."  Exhibit 3.  The Third Circuit may consolidate the Appeals pursuant to Federal

Rule of Appellate Procedure 3(b)(2).  It would be most efficient for the Third Circuit to address

the "prima facie valid maritime claim" and the related jurisdictional issues at the same time – as

they arise out of the same facts and related legal concepts.

## B.   The Cases Cited By Plaintiff Do Not Support a Stay and/or Are Distinguishable

In its two page Motion for Stay, Plaintiff cites to three cases, none of which support a stay

under the facts presented here.  Indeed, the only case Plaintiff cited from this district – *St. Clair* –

supports a denial of the stay.  In *St. Clair*, the party opposed the stay "primarily because it is likely

the Federal Circuit will affirm" based on "settled law."  2010 U.S. Dist. LEXIS 40628, at *13-14.

As discussed above, Bunge is not likely to succeed on the merits of its interlocutory appeal.  The Court in *St. Clair* denied the motion to stay in part because it is possible that the court's decision will be affirmed and "a stay will have accomplished nothing but delay."  *St. Clair*, 2010 U.S. Dist. LEXIS 40628, at *16.  The same is true here and the stay should be denied.

The other two cases cited by Plaintiff – *Consumer Fin. Prot. Bureau v. Navient Corp.*, 522 F. Supp. 3d 107 (M.D. Pa. 2021) and *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081 (E.D. Cal. 2008) – are distinguishable.  In those cases, the court <u>denied</u> the <u>defendant's</u> dispositive motion (a motion for judgment on the pleadings and motion to dismiss).  *Navient Corp.*, 522 F. Supp. 3d at 111; *Fred Schakel Dairy*, 634 F. Supp. 2d at 1083.  In both of those cases, the <u>defendant</u> asked the district court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) and to stay the case.  *Navient Corp.*, 522 F. Supp. 3d at 112; *Fred Schakel Dairy*, 634 F. Supp. 2d 1083.  Certified appeals under 28 U.S.C. § 1292(b) – which are not at issue in this case – are to "be sparingly applied" and are to be "used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Navient Corp.*, 522 F. Supp. 3d at 112.  Such appeals must:  (1) involve a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the case.  *Navient Corp.*, 522 F. Supp. 3d at 113; *Fred Schakel Dairy*, 634 F. Supp. 2d at 1087.  Because in those cases the <u>defendant</u> and the Court would be harmed by proceeding with a trial of a matter that should be dismissed (*Navient*) or partially dismissed (*Fred Schakel Dairy*) based on the court of appeals ruling on an issue for which there are substantial grounds for difference of opinion, the courts used their discretion to stay the case.  *Navient Corp.*, 522 F. Supp. 3d at 119-120; *Fred Schakel Dairy*, 634 F. Supp. 2d at 1094.

"A stay is not a matter or right, even if irreparable injury might otherwise result but is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Navient Corp.*, 522 F. Supp. 3d at 119.  The circumstances in this case do not warrant a stay.  *Navient* and *Fred Schakel Dairy* are distinguishable from the instant case because here, the Court has yet to rule on Defendant's Motion to Dismiss.  Other than conclusory statements contrary to its prior representations to the Court, Plaintiff has not established that a stay will materially advance the termination of this case.  Further, in *Navient* and *Fred Schakel Dairy* there was substantial grounds for a difference of opinion.  As discussed above, Plaintiff is not likely to succeed on the merits of its interlocutory appeal because there is no substantial grounds for difference of opinion.

In reality, ruling on the Motion to Dismiss now will advance the ultimate termination of the case.  It will either result in the dismissal of the case allowing for a consolidated appeal addressing the entirety of the case's dispositive issues <u>or</u> it will allow the case to proceed on the merits.  If the case is stayed and the Third Circuit affirms the court's ruling on the Motion to Vacate, nothing but a many month delay will be achieved.  The Court will then have to re-familiarize itself with the case and rule on the Motion to Dismiss, which could result in a second appeal as already indicated by Plaintiff.  There is no harm to Plaintiff – the party who seeks the stay – to be required to litigate its claims, whether that results in dismissal or not.

## IV.    CONCLUSION

For the foregoing reasons, ADMI respectfully requests that the Court deny Plaintiff's Motion for Stay.

DATED and FILED on April 1, 2022.

10

Respectfully submitted,

**RAWLE & HENDERSON LLP**

By:    /s/  *Joelle Florax, Esq.*
Joelle Florax, Esquire (DE I.D. No. 3555)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19899-0508
Phone 302-778-1200

Of Counsel:

John J. Reilly
*Admitted Pro Hac Vice*
New York Bar No:  1412915
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
Tel:  212-872-9865
Fax:  212-872-9815
Email:  john.reilly@squirepb.com

Emily Huggins Jones
*Admitted Pro Hac Vice*
Ohio Bar No:  0078412
Squire Patton Boggs (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel:  216-479-8500
Fax:  216-479-2773
Email:  emily.hugginsjones@squirepb.com

Amanda D. Price
*Admitted Pro Hac Vice*
Texas Bar No. 24060935
Squire Patton Boggs (US) LLP
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Tel:  713-546-5850
Fax:  713-546-5830
Email:  Amanda.Price@squirepb.com

*Counsel for Defendant*
*ADM International Sàrl*

11